UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-CV-12041-RWZ

C.P. PACKAGING, INC. d/b/a OHLSON PACKAGING,

v.

WILLIAM J. HALL and HART FOOD PRODUCTS, INC.

## ORDER

October 3, 2022

ZOBEL, S.D.J.

Plaintiff C.P. Packaging, doing business as Ohlson Packaging ("Ohlson"), initiated this lawsuit against Defendants Hart Food Products and William J. Hall, the owner and president of Hart Foods, for fraud, tortious interference with advantageous business relations, commercial disparagement, and violation of the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A, § 11. Following Defendants motion to dismiss, only the fraud and ch. 93A claims remain. Docket # 29. Defendants now move for summary judgment on both claims because, they allege, Plaintiff is unable to prove damages. Docket # 55. The motion is denied because Plaintiff has sufficiently raised genuine issues of material fact regarding whether, and the extent to which, it suffered lost profit damages. See Barreto-Rivera v. Medina-Vargas, 168 F.3d 42, 45 (1st Cir. 1999); Proteon, Inc. v. Digital Equipment Corp., No. CV981533F, 2000 WL 1298130, at *6 (Mass. Super. Ct. Mar. 3, 2000).

Defendants also seek to preclude the testimony of Plaintiff's expert, Kimberley Train, because she was identified after the deadline per Local Rule 16.5(c) and Federal Rules of Civil Procedure 26(a)(2)(d). Docket ## 55, 59. Plaintiff does not dispute or explain its delay, but seeks an extension of "all scheduling order deadlines and a new trial date." Docket # 60. Therefore, by October 18, 2022, the parties shall submit a joint proposed schedule with the following deadlines: (1) completion of fact discovery, including the depositions of Mr. Cunningham and Mr. Bucorsky, as well as the review of Defendants recently produced emails; (2) completion of expert discovery, including the deposition of Plaintiff's expert, any rebuttal expert by Defendants and deposition thereof[1]; and (3) a date for trial including the expected length of the trial thereof. The pretrial conference scheduled for 2:00 p.m. on October 19, 2022 is converted to a telephonic scheduling conference.

Defendants' Motion for Summary Judgment (Docket # 55) is DENIED. Plaintiff's Motion to Continue (Docket # 60) is ALLOWED.

October 3, 2022
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

---

[1] Although Defendants seek to preclude Ms. Train's testimony entirely, it is within the court's discretion to remedy Plaintiff's delay by allowing Defendants to depose Ms. Train and notice their own expert, if they so choose. See Genereux v. Raytheon Co., 754 F.3d 51, 59 (1st Cir. 2014).

2